

FILED
JUN 2 3 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RHYANNA S. DE TUATHANA,**

                 Plaintiff,

    v.

**MICHAEL J. ASTRUE,**

                 Defendant.

Civil No. 09-550-PK

**FINDINGS AND
RECOMMENDATION**

PAPAK, Magistrate Judge:

    Plaintiff Ryanna S. De Tuathana ("De Tuathana") seeks judicial review of the Social

Security Commissioner's final decision denying her applications for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI"). This court has jurisdiction under

42 U.S.C. §§ 405(g) and 1383(c). For the reasons that follow, the Commissioner's decision

1 - FINDINGS AND RECOMMENDATION

should be affirmed.

## BACKGROUND

Born in 1960 (Tr. 114), De Tuathana completed three years of post-secondary education.

Tr. 128.[1]  De Tuathana applied for benefits on April 22, 2004, alleging disability since August 9,

2002.  Tr. 114.  De Tuathana alleges disability based upon allergies, asthma, irritable bowel

syndrome, acid reflux disease, "constant back pain," muscle spasms, and arthritis.  Tr. 122.  The

Commissioner denied these applications initially and upon reconsideration.  Tr. 93-96, 98-102.

An ALJ held hearings on January 10, May 8, July 18, and August 22, 2007.  Tr. 895-976.  The

ALJ found De Tuathana not disabled on September 5, 2007.  Tr. 26-37.  The Appeals Council

accepted additional evidence into the record (Tr. 10) but denied review of the matter on April 16,

2009, making the ALJ's decision the Commissioner's final decision.  Tr. 7.  De Tuathana

presently appeals.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five

steps in determining disability under the meaning of the Act.  20 C.F.R. §§ 404.1520; 416.920;

*Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  De Tuathana asserts that the ALJ incorrectly

assessed her alleged mental impairment at steps three and four.

At step one, the ALJ determines if the claimant is performing substantial gainful activity.

If she is, the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i).  At step

two, the ALJ determines if the claimant has "a severe medically determinable physical or mental

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative
record filed with the Commissioner's Answer September 22, 2009 (Docket #9).

impairment" that meets the twelve-month duration requirement. 20 C.F.R. §§ 404.1509,

404.1520(a)(4)(ii); 416.909; 416.920(a)(4)(ii). If the claimant does not have such a severe

impairment, she is not disabled. *Id.*

At step three, the ALJ determines if the severe impairment meets or equals a "listed"

impairment in the regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the ALJ

determines the impairment meets or equals a listed impairment, the claimant is disabled. 20

C.F.R. §§ 404.1520(d); 416.920(d).

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other

relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The

claimant's RFC is an assessment of work-related activities the claimant may still perform on a

regular and continuing basis, despite limitations imposed by her impairments. 20 C.F.R. §§

404.1520(e); 416.920(e); Social Security Ruling ("SSR") 96-8p. The ALJ uses this information

to determine if the claimant can perform her past relevant work at step four. 20 C.F.R. §§

404.1520(a)(4)(iv); 416.920(a)(4)(iv).

If proceedings reach step five, the Commissioner must determine if the claimant is

capable of performing work existing in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v),

404.1520(f); 416.920(a)(4)(v); 416.920(f); *Yuckert*, 482 U.S. at 141-2; *Tackett v. Apfel*, 180 F.3d

1094, 1099 (9th Cir. 1999).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F.3d at

1098. If the process reaches the fifth step, the burden of production shifts to the Commissioner

to show that "the claimant can perform some other work that exists in the national economy,

taking into consideration the claimant's residual functional capacity, age, education, and work

experience." *Id.* at 1100.  If the Commissioner meets this burden the claimant is not disabled.  20

C.F.R. §§ 404.1566; 404.1520(g); 416.966; 416.920(g).

## THE ALJ'S FINDINGS

The ALJ first found that De Tuathana had not engaged in substantial gainful activity since

her alleged onset date.  Tr. 28.  At step two, the ALJ found that De Tuathana "has the following

severe impairments: a history of lumbar strain; obesity; a syndrome of allergies/asthma; and

hypochondria."  Tr. 29.  The ALJ found that these impairments did not meet or equal a listed

disorder at step three in the sequential proceedings.  *Id.*  The ALJ evaluated De Tuathana's RFC,

finding that she retained the RFC to "perform medium work; she can sit, stand and walk 6 hours

each in an 8-hour workday.  She should avoid even moderate exposure to fumes, dust and gases.

There are no other limitations."  Tr. 29.  The ALJ found that this RFC allowed De Tuathana to

perform her past relevant work as a call center representative, claim processor, and data entry

clerk at step four.  Tr. 37.  The ALJ therefore found De Tuathana not disabled.  *Id.*

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner

applied proper legal standards and the findings are supported by substantial evidence in the

record.  42 U.S.C. § 405(g); *Batson v. Commissioner for Social Security Administration*, 359

F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence" means "more than a mere scintilla, but

less than a preponderance."  *Bray v. Comm'r of the Soc. Sec. Admin*, 554 F.3d 1219, 1222 (9th

Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).  It is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*

This court must weigh the evidence that supports and detracts from the ALJ's conclusion.

4 - FINDINGS AND RECOMMENDATION

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)(citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)).  The reviewing court may not substitute its judgment for that of the Commissioner.  *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading.  *Id.*, *see also Batson*, 359 F.3d at 1193.

## DISCUSSION

### I.   Mental Impairment

De Tuathana contends that the ALJ failed to follow the Commissioner's regulations regarding her alleged mental impairment.  The ALJ cited "hypochondria" in his step two analysis (Tr. 29), but included no mental limitations in his RFC analysis.  De Tuathana specifically contends that the ALJ should have applied the Commissioner's "Psychiatric Review Technique," to her alleged hypochondria, and asserts that the matter must be remanded for further proceedings so that the ALJ may apply this technique.

#### A.   The ALJ's Step Two Findings

The ALJ found De Tuathana's hypochondria "severe" at step two in the sequential proceedings.  Tr. 29.  The Commissioner's regulations instruct that an impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable diagnostic techniques."  20 C.F.R. §§ 404.1508; 416.908.  Further, "A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."  *Id.* (citing 20 C.F.R. §§ 404.1527; 416.927).

No physician or mental health practitioner assigned De Tuathana a "hypochondria"
diagnosis at any point in the record before this court. De Tuathana, who was represented by
counsel, did not allege disability due to "hypochondria" at any point in her disability applications
or proceedings. Tr. 121-130, 159-60, 169, 175-81, 190-199, 220-227. Finally, the ALJ may not
construe a diagnosis by substituting his own judgment for that of a physician. *Day v.
Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975)(hearing examiner, not qualified as a medical
expert, should not go beyond the record to make his own assessment of the claimant's condition).
For all of these reasons, the ALJ's finding that De Tuathana's step two impairments include
"hypochondria," so far as that term pertains to a medical diagnosis, is inappropriate.

**B.      The ALJ's RFC Assessment**

Assuming, without deciding, that the ALJ nonetheless had a basis for finding De
Tuathana's hypochondria "severe" at step two, this court considers whether the ALJ erred in
omitting analysis of De Tuathana's hypochondria in his subsequent findings. The reviewing
court will find such errors harmless if the ALJ's subsequent findings consider all of the
claimant's impairments, both severe and non-severe. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th
Cir. 2007); *see also Carmickle v. Comm'r*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (finding an
ALJ's error harmless where it was inconsequential to his ultimate determination). To establish
reversible error regarding her alleged hypochondria, De Tuathana must therefore show that the
ALJ omitted work-related limitations resulting from this impairment from De Tuathana's RFC
assessment.

De Tuathana cites no instances in the record showing that her alleged hypochondria
caused work-related limitations. Although De Tuathana points to a "history of job failures,

failure to satisfy higher education commitments, vocational rehabilitation failure, and eviction and homelessness," she does not establish that these events stemmed from her alleged hypochondria. Pl.'s Opening Br. 16-17 (citations omitted). No treating or examining physician diagnosed hypochondria, or suggested that De Tuathana had work-related limitations stemming such an impairment. Because De Tuathana fails to establish work-related limitations related to her alleged hypochondria, she cannot now claim that the ALJ failed to include such limitations in her RFC assessment.

### C.    The ALJ's Application of the Commissioner's "Psychiatric Review Technique"

De Tuathana also vigorously argues that the ALJ should have completed the Commissioner's specialized "psychiatric review technique" regarding her alleged hypochondria. Pl.'s Opening Br., 13. A Disability Determination Services ("DDS")[2] reviewing psychologist completed a "Psychiatric Review Technique Form," on June 3, 2004, finding insufficient evidence to establish a mental impairment. Tr. 429-42. The ALJ cited this form, and found the "insufficient evidence" conclusion consistent with the testimony of the medical expert at De Tuathana's hearing. Tr. 35. De Tuathana does not challenge this finding, but instead argues that the ALJ should have made additional findings using the "psychiatric review technique."

The ALJ must complete the "psychiatric review technique" analysis when the claimant has a medically established mental impairment. 20 C.F.R. §§ 404.1520a(e)(2); 416.920a(e)(2). Here the ALJ must consider whether a claimant has limitations in four specific functional

---

[2] DDS is a federally-funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. §§ 404.1503; 416.903.

categories: (1) the claimant's activities of daily living, (2) social functioning, (3) concentration, persistence, and pace, and (4) episodes of decompensation. *Id.* (citing 20 C.F.R. §§ 404.1520a(c)(3); 416.920a(c)(3)).

The ALJ discussed De Tuathana's activities of daily living (Tr. 35-36) and social functioning. Tr. 35. The ALJ also discussed the mental status examinations of psychologists Drs. LeBray, Evans and Smyth, and physician Dr. Vandiver. Tr. 33-34. None of these evaluations suggest difficulties in concentration, persistence, and pace, or reflected episodes of decompensation. Tr. 555-64, 724-32, 745-50, 768-771. Conversely, each of these examinations found De Tuathana's mental processing intact and average or above average. *Id.* The ALJ therefore did not omit consideration of clinical findings showing limitation in concentration, persistence, and pace. Here the court notes that De Tuathana's submission alleging error regarding the Commissioner's psychiatric review technique does not point to any instances in the medical record demonstrating deficiencies in concentration, persistence, and pace. Pl.'s Opening Br. 7-18.

For all of these reasons, De Tuathana fails to establish that the ALJ made any reversible omission or errors regarding the Commissioner's psychiatric review technique. The ALJ properly considered the four functional categories directed by the Commissioner's regulations. The ALJ's analysis regarding De Tuathana's alleged mental impairments should therefore be affirmed.

## II.    Credibility

The ALJ additionally found De Tuathana's statements regarding the intensity, persistence, and limiting effects of her impairments not credible. Tr. 30. De Tuathana did not

initially challenge this finding. Pl.'s Opening Br. The Commissioner asserts that the ALJ's credibility finding should be affirmed. Def.'s Br. 11-15. Dr Tuathana asserts in reply that this court should not review the ALJ's credibility determination because the issue is "unresponsive to Plaintiff's contention of legal error, and irrelevant." Pl.'s Reply Br. 5. Because De Tuathana does not challenge the ALJ's credibility decision, that issue need not be addressed further.

### CONCLUSION

De Tuathana fails to show that the ALJ's analysis of her alleged hypochondria results in reversible error. The ALJ's remaining findings are unchallenged and this court should affirm the ALJ's finding that De Tuathana was not disabled under the Commissioner's regulations.

### SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 22nd day of June, 2010.

Paul Papak
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION